Matter of Schneck v New York State Dept. of Health (2025 NY Slip Op 07345)

Matter of Schneck v New York State Dept. of Health

2025 NY Slip Op 07345

Decided on December 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 30, 2025

Before: Moulton, J.P., Scarpulla, Rosado, O'Neill Levy, Chan, JJ. 

Index No. 152021/24|Appeal No. 5460|Case No. 2024-05240|

[*1]In the Matter of Adam Schneck, Petitioner,
vNew York State Department of Health, Office of People with Developmental Disability, Respondents.

Tilem & Associates, PC, White Plains (Cindy N. Brown of counsel), for petitioner.
Letitia James, Attorney General State of New York (Cleland B. Welton II of counsel), for respondents.

Determination of respondent New York State Department of Health, dated November 7, 2023, which, after a hearing, affirmed a determination to discontinue petitioner's enrollment in a case management service plan, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, Supreme Court, New York County [Lynn R. Kotler, J.], entered August 8, 2024), dismissed, without costs.
Petitioner, an adult qualifying for medical assistance through Medicaid, participated in New York State's Home and Community-Based Services (HCBS) through respondent Office for People with Developmental Disabilities (OPWDD), and was enrolled in a Health Home Care Management Plan, a comprehensive case management service. Health Home Care Management was administered by Care Design, a private nonprofit organization that serves as a Care Coordination Organization (CCO) designated by OPWDD. Petitioner sought to switch from the more comprehensive Health Home plan to a Basic HCBS plan. Although OPWDD gave petitioner a consent form for a basic HCBS plan, he struck out multiple provisions in the form before signing it, and his form was therefore flagged by Care Design's compliance department as invalid. As a result, OPWDD did not enroll petitioner in a Basic HCBS plan, and he remained enrolled in a Health Home plan.
In 2020, petitioner and his assigned care manager were unable to agree on an individualized service plan (ISP), which was required by both the Basic HCBS plan and the Health Home plan. By notice of disenrollment dated January 12, 2021, Care Design notified petitioner of its intent to disenroll him from Health Home services effective February 12, 2021, because of his failure to provide Care Design with a valid consent form or a valid ISP.
Because petitioner failed to submit either a valid consent form or a complete ISP, Care Design's determination to discontinue petitioner's Health Home services was supported by substantial evidence (see CPLR 7803[4]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181-182 [1978]; Matter of Shuman v New York State Racing & Wagering Bd., 40 AD3d 385, 385 [1st Dept 2007]). The notice of disenrollment was timely and provided petitioner with adequate notice, as it was provided at least 10 days before the disenrollment. The notice also set forth specific reasons for disenrollment, as well as the regulation upon which the action was based (18 NYCRR 358-2.2[a][3], [4]).
We have considered petitioner's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 30, 2025